UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 1:11CR00070 |
| Plaintiff, ) | |
| ) | T R I A L |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Richard Michael Persa ) | |
| Matthew J. Holland ) | |
| ) | |
| Defendant(s). ) | |

**IT IS ORDERED AS FOLLOWS:**

1. Trial is hereby scheduled at *9:00 a.m.* on *April 25, 2011*, in the United States Courthouse in Akron, Ohio. *If the defendant is in custody it is counsel's responsibility to have appropriate clothes available for the defendant in the Marshal's Office prior to the morning of trial.*

2. All motions, if any, are to be filed by *April 4, 2011*.

3. The Court will conduct a status conference at *April 19, 2011, at 1:00 p.m. in Akron, Courtroom #442*. The defendant is required to be present.

4. The Court requests the filing of trial briefs at least **ten (10) days** before the trial date. A complete trial brief includes: (a) a list of proposed witnesses along with a brief description of the subject of the testimony of each witness, (b) an index of all proposed exhibits containing a brief description of each exhibit. (Counsel are not required to exchange trial briefs with opposing counsel, however, they should file their trial briefs electronically under Other Filings, Other Documents, Ex Parte filing(other than motion).

5. One (1) copy of all exhibits shall be furnished to the Court prior to the commencement of trial. There is no need to file the exhibits with the Clerk of Court, rather they should be delivered directly to the Judge's chambers. The copy is for the Court's use. The original exhibits should be retained by counsel to be introduced by counsel at trial.

(1:11CR00070)

6. Proposed voir dire questions to be asked of the jury panel shall be submitted to the Court at least **ten (10) days** before the scheduled trial date.  (The Court will conduct the voir dire examination of the jury.)

7. Proposed jury instructions to be included in the charge of the Court shall be submitted to the Court at least **one (1) week** before trial.  (Counsel are required to exchange copies of the proposed instructions.)

8. Written stipulations, if any agreed to by all counsel, shall be submitted to the Court no later than **two (2) days** before trial.

9. All exhibits shall be marked **before** trial with official exhibit stickers which are available from the Clerk on request.  The government shall mark exhibits with numbers and the defendant shall mark exhibits with letters.  If there are multiple defendants, letters shall be used followed by the party's last name, i.e., "A-Jones" or "A-Miller."  If the defendant has more than 26 exhibits, double letters shall be used, i.e., AA, BB, CC, etc.  WHENEVER A MULTI-PAGE EXHIBIT IS USED, EACH PAGE OF THE EXHIBIT MUST BE SEPARATELY NUMBERED.  FOR EXAMPLE, IF GOVERNMENT'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS 1-1, THE SECOND PAGE MARKED 1-2, AND THE THIRD PAGE MARKED 1-3.

10. Counsel are required to remain in the proximity of the Courtroom during jury deliberations.  **If you need to leave the immediate area, you are required to report to the courtroom deputy.**

11. In the event the Court reaches the sentencing stage it shall proceed according to Local Criminal Rule 32.2.

12. In all sentencing hearings the Court will follow the following dictates as set forth in USA v. Paul Buchanan, _____F.3d_____, (6th Cir. 2006):

(1) the judge must make all findings of fact necessary to apply the guidelines to the defendant, *United States v. Orlando*, 281 F.3d 586, 600-01 (6th Cir. 2002); *see United States v. Moreland,* 437 F.3d 424, 432 (3d Cir. 2006);

(1:11CR00070)

(2) the judge must calculate the guidelines sentencing range correctly, *see* 18 U.S.C. Section 3742(f)(1); United States v. Gibson, 409 F.3d 325, 338-39 (6th Cir. 2005);

(3) the judge must determine whether to grant a downward departure or an upward departure from the guidelines, *see, e.g., United States v. McBride*, 434 F.3d 470, 474-75 (6th Cir. 2006); *United States v. Puckett*, 422 F.3d 340 (6th Cir. 2005);

(4) the judge must recognize her discretion to issue a sentence that varies from the guidelines, *see Booker*, 543 U.S. at 245-46;

(5) the judge must consider the Section 3553(a) factors in exercising her independent judgment about what an appropriate sentence should be, *id.*;

(6) the judge must account for any relevant statutory minimum and maximum sentences, *see, e., United States v. Van Hoosier,* 442 F.3d 939, 946 (6th Cir. 2006);

(7) the judge must give a reasoned explanation for the sentence, *see, e.g. United States v. Jackson,* 408 F. 3d 301, 305 (6th cir. 2005); *United States v. Kirby,* 418 F.3d 621, 626 (*6th Cir. 2005).

IT IS SO ORDERED.

| | |
|---|---|
| March 1, 2011 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |