# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:11 CR 00070 |
| | ) | |
| Plaintiff | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| -vs- | ) | |
| | ) | |
| MATTHEW J. HOLLAND | ) | **MOTION FOR GIGLIO** |
| | ) | **MATERIAL** |
| Defendant | ) | |

Now comes the defendant, by and through his Counsel, and moves this Honorable Court to order the Government to disclose whether any plea bargaining, promises, or immunity from Federal or State prosecution were made to Government witnesses by any representatives of the Government, and the nature of any such plea bargaining and promises, and/or the extent of any such immunity inasmuch as said information would be material to the preparation of a proper defense to the charges in the above captioned case.

Respectfully submitted,

s/John P. Hildebrand, Sr.
JOHN P. HILDEBRAND, SR. (0025124)
Attorney for Defendant
JOHN P. HILDEBRAND CO., LPA
21430 Lorain Road
Fairview Park, Ohio 44126
440-333-3100 / Facsimile 440-333-8992
E-mail: jackhild@hotmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing Motion for Giglio Material has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                  s/John P. Hildebrand, Sr.
                                                  JOHN P. HILDEBRAND, SR.  (0025124)
                                                  Attorney for Defendant
                                                  JOHN P. HILDEBRAND CO., LPA

MEMORANDUM

In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the United States Supreme Court held:

> ...that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good or bad faith of the prosecution.

<u>Brady</u> <u>supra</u>, at p. 87.

In <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Supreme Court stated that "When the reliability of a given witness may well be determinative of guilt or innocence, non-disclosure of evidence effecting credibility falls within ..." the general rule that:

> "...deliberate deception of a court and jurors by the presentation    of known false evidence is incompatible with rudimentary demands of justice." <u>Mooney v. Holohan</u>, 294 U.S. 103 at p. 112 (1935),

and that,

> "...the same result obtains when the state, although not soliciting false evidence, allows it to go uncorrected, when it appears." <u>Naupe v. Illinois</u>, 360 U.S. 213 (1942).

The Court in <u>Giglio</u>, held that the defendant was entitled to a new trial where the government had failed to disclose an alleged promise made to its key witness that he would not be prosecuted if he testified for the prosecution. The court stated:

> ...the Government's case depended almost entirely on Taliento's testimony; without it there could have been no indictment and no evidence to carry the case to the jury.  Taliento's credibility as a witness was therefore an important issue in the case and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it.
> Id. at 154.

The decision in <u>Giglio</u> is further supported by the decisions in <u>United States v. Kaplan</u>, 470 F.2d 200 (6th Cir. 1972) and <u>United States v. Harris</u>, 462 F.2d 1033 (10th Cir. 1972).

As noted previously, the material requested also falls within the ambit of <u>Brady v. Maryland</u>, 373 U.S. 383 (1963).

The material requested is exculpatory and falls into the realm of impeaching evidence in that it can be utilized to test the credibility of a prosecution witness, and is "favorable to the accused."

As applied to the facts at bar, the reliability of the government's informant(s) may well be determinative of the Defendant's guilt or innocence.  Accordingly, to insure the Defendant's rights to Due Process of Law, it is imperative that he be informed well in advance of trial of any information known to the government which might bear upon the credibility of the government informant(s).  Such information should include, but not be limited to:

a) the informant's prior criminal record, including pending cases;

b) any known instance of the informant(s) having made false statements to a law enforcement officer or while under oath;

c) any direct or implied promises of lenience in whatever form, or threats in whatever form, known to have been made to the informant(s) with respect to this or any other case;

d) any statement made by the informant(s) indicating consideration of the advantages or disadvantages of testifying in this case;

e) information, if any, related to the length and extent of the informant(s)'s addition to narcotic drugs; and

f) the name and address of any person(s) known to the government to whom the informant(s) has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the informant(s) to law enforcement officers.

For reasons set forth above, Defendant respectfully requests that the <u>Giglio</u> and exculpatory material requested above be ordered produced.

                                                        <u>s/John P. Hildebrand, Sr.</u>
JOHN P. HILDEBRAND, SR. (0025124)
Attorney for Defendant
JOHN P. HILDEBRAND CO., LPA