IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:11 CR 00070 |
| | ) | |
| Plaintiff | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| -vs- | ) | |
| | ) | |
| MATTHEW J. HOLLAND | ) | MOTION TO SEVER |
| | ) | DEFENDANTS |
| Defendant | ) | |

Now comes Defendant, Matthew Holland, by and through counsel, and respectfully moves this Honorable Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, for an Order severing his trial from that of his Co-Defendant, Richard Persa. The reasons for this motion are contained in the brief attached hereto.

Respectfully submitted,

s/John P. Hildebrand, Sr.
JOHN P. HILDEBRAND, SR. (0025124)
Attorney for Defendant, Matthew Holland
JOHN P. HILDEBRAND CO., LPA
21430 Lorain Road
Fairview Park, Ohio 44126
440-333-3100 / Facsimile 440-333-8992
E-mail: jackhild@hotmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a copy of the foregoing Motion to Sever Defendants has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ John P. Hildebrand, Sr.
JOHN P. HILDEBRAND, SR. (0025124)
Attorney for Defendant, Matthew Holland
JOHN P. HILDEBRAND CO., LPA

**BRIEF**

Defendant, Matthew Holland, is charged in a five-count indictment with violations of 18 USA 2113(a). Co-Defendant, Richard Persa, is charged in the same counts. On March 2, 2011, this Court issued an order setting both Defendants for trial on April 25, 2011.

Through discovery, counsel has learned that on January 14, 2011, both Defendants made statements to FBI agents. Each Defendant made statements implicating the other in the bank robberies referred to in the indictment.

Rule 14 of the Federal Rules of Criminal Procedure provides:

> (a) If the joinder of offenses or defendants in an indictment, or a consolidation for trial, appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.

The Government will likely use Defendant Persa's statements to implicate Defendant Holland in the bank robberies set forth in counts one through five. If the Government is permitted to use Mr. Persa's statements against Defendant Holland and he does not testify, Defendant Holland will be denied his Sixth Amendment right to confront and cross-examine witnesses against him. *Burton v. United States*, 391 U. S. 123 (1968). The only way the Government could use Mr. Persa's out-of-court statements in a joint trial would be to redact any reference directly or indirectly to Defendant Holland. *Richardson v. Marsh*, 481 U. S. 200 (1987). However, given the nature of these statements, such redaction is unlikely.

For the foregoing reasons, Defendant Holland respectfully moves this Court to sever his trial from that of Defendant, Richard Persa.

s/ John P. Hildebrand, Sr.
JOHN P. HILDEBRAND, SR. (0025124)
Attorney for Defendant, Matthew Holland
JOHN P. HILDEBRAND CO., LPA