UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR070 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW J. HOLLAND, | ) | PROPOSED JURY INSTRUCTIONS |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Steven M.

Dettelbach, United States Attorney, Blas E. Serrano, Assistant United States Attorney, and

Phillip J. Tripi, Assistant United States Attorney and respectfully requests that the Court charge

the jury with the following instructions.

The United States is prepared to submit additional or alternative instructions on any aspect of this case should the Court or the circumstances so require.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

s/ Blas E. Serrano
Blas E. Serrano
Assistant U.S. Attorney
Reg. No. 0009879
801 West Superior Ave., Suite 400
Cleveland, Ohio  44113
216-622-3873/FAX 216-522-8355
Blas.Serrano@usdoj.gov

s/ Phillip J. Tripi
Phillip J. Tripi
Assistant U.S. Attorney
Reg. No. 0017767
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
Phone: (216) 622-3769
Fax: (216) 522-8355
Phillip.Tripi@usdoj.gov

## **<u>INTRODUCTION</u>**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.01.

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.02.

4

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are

convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.03.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not  evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.04.

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.05.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.06.

9

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

10

inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.07.

## **NUMBER OF WITNESSES**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.08.

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.09.

## **STIPULATIONS**

Statements and arguments of counsel are not evidence in the case.  However, if the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept this fact as having been proven.  You are not required to do so, however, as it is up to you to determine what proof you will accept.

Authority:

See United States v. Jones, 108 F.3d 668 (6th Cir. 1997) (en banc).

14

## **TESTIMONY AND EVIDENCE - INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.01.

## SEPARATE CONSIDERATION - SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.01(A).

16

## __ON OR ABOUT__

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that crimes happened "on or about" November 13, 2010,

December 15, 2010, December 22, 2010, and December 30, 2010. The government does not

have to prove that the crimes happened on those exact dates.  But the government must prove

that each crime happened reasonably close to that date.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.04.

## THE INDICTMENT AND THE STATUTE

Counts 3 and 5 of the indictment charge Defendant MATTHEW J. HOLLAND with the crime of bank robbery. The indictment reads as follows:

### COUNT 3

The Grand Jury further charges:

On or about December 15, 2010, in the Northern District of Ohio, Eastern Division, RICHARD MICHAEL PERSA and MATTHEW J. HOLLAND, defendants herein, did by force and violence and by intimidation take and cause to be taken from the person and presence of tellers and other employees at the Key Bank, 6300 Brookpark Road, Cleveland, Ohio, approximately $1,760.00 in monies belonging to and in the care, custody, control, management and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, Sections 2113(a) and 2, United States Code.

### COUNT 5

The Grand Jury further charges:

On or about December 30, 2010, in the Northern District of Ohio, Eastern Division, RICHARD MICHAEL PERSA and MATTHEW J. HOLLAND, defendants herein, did by force and violence and by intimidation take and cause to be taken from the person and presence of tellers and other employees at the Key Bank, 3370 West 117th Street., Cleveland, Ohio, approximately $5,070.00 in monies belonging to and in the care, custody, control, management and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, Sections 2113(a) and 2, United States Code.

The indictment charges the defendant with violating section 2113(a) of Title 18 of the

United States Code. Section 2113(a) provides in part that:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [is guilty of a crime].

Authority:

3-53 Modern Federal Jury Instructions – Criminal, § 53.01 (Matthew Bender) (2011); 18

U.S.C. §2113(a) (2002).

## **ELEMENTS OF THE OFFENSE**

In order to prove the charges against the defendant, the government must establish each of the following elements beyond a reasonable doubt:

First, that on December 15, 2010, as to Count 3,  and December 30, 2010, as to Count 5, Key Bank at 6300 Brookpark Road, Cleveland, Ohio and Key Bank at 3370 West 117th Street, Cleveland, Ohio, respectively, were federally insured banks.

Second, that the defendant took money that belonged to, or was in the care, custody, control, management or possession of the banks from the person or in the presence of another; and

Third, that the defendant did so by force and violence or by acting in an intimidating manner.

Authority:

3-53 Modern Federal Jury Instructions – Criminal, § 53.01 (Matthew Bender) (2011).

## FIRST ELEMENT – BANKS WERE FEDERALLY INSURED

The first element the government must prove beyond a reasonable doubt is that on December 15, 2010, as to Count 3, and December 30, 2010, as to Count 5,  Key Bank at 6300 Brookpark Road, Cleveland, Ohio and Key Bank at 3370 West 117th Street., Cleveland, Ohio, respectively, were federally insured banks.

For the purposes of this case, a federally insured bank is an institution whose deposits (or accounts) are insured by the Federal Deposit Insurance Corporation.

Authority

3-53 Modern Federal Jury Instructions – Criminal, § 53.01 (Matthew Bender) (2011).

## SECOND ELEMENT – DEFENDANT TOOK MONEY FROM BANK

The second element the government must establish beyond a reasonable doubt is that the defendant took money that belonged to or was in the care, custody, control, management or possession of the bank from the person or in the presence of another.

The first part of this element is that the government must prove that the defendant took money that belonged to or was in the care, custody, control, management or possession of the bank. Although the words care, custody, control, management and possession have somewhat different meanings, for purposes of this element they express a similar idea. That is that the bank had control over and responsibility for the money. For example, money that is in he bank's vault is in the possession of the bank. When employees control money through the performance of their jobs, the bank is in possession and control of that money. Therefore, the money in the control of bank tellers is property that is in the control of the bank. Property is in the "care" of the bank if the bank has made a commitment to guarantee the security or safety of the property. Deposits contained in a night depository located outside of the bank are an example of property in the "care" of the bank. Money remains in the care and custody of the bank while it is being transported between banks or between branches of one bank. Therefore, money being transported between banks by armored car remains in the custody and control of the bank.

The second part of this element that the government must prove is that the defendant took money from the person or in the presence of another. To prove that the defendant took the money from the person or presence of another, the government must prove that the tellers and other employees were sufficiently within the reach, inspection, observation or control of the money that they could have retained their possession of it if not overcome by violence or prevented by fear.

22

<u>Authority</u>:

3-53 Modern Federal Jury Instructions – Criminal, § 53.01 (Matthew Bender) (2011).

## THIRD ELEMENT – DEFENDANT USED FORCE AND VIOLENCE OR INTIMIDATION

The third element the government must prove beyond a reasonable doubt is that the defendant took the money from another person by using force and violence or by acting in an intimidating manner. The government can meet its burden on this element either by proving that the defendant used force and violence or that the defendant acted in an intimidating manner. The government does not have to prove that the defendant used force and violence if it proves that the defendant acted in an intimidating manner.

The phrase "intimidating manner" means that the defendant did or said something that would make an ordinary reasonable person fear bodily harm. It is not necessary for the government to prove that the victim was actually frightened in order to establish that the defendant acted in an intimidating manner. Your focus should be on the defendant's behavior. The government does not have to prove that the defendant's behavior caused or could have caused great terror or panic, but it must show that an ordinary person would have feared bodily harm because of defendant's behavior. The government also does not have to prove that the defendant made explicit threats of bodily harm. If you find that the defendant confronted the bank employee in such a way that it would reasonably create a fear of bodily harm, that is sufficient.

Evidence that an unusually timid victim was actually intimidated by the defendant's conduct is not, by itself, proof that the defendant engaged in intimidating conduct, although you may take evidence that the bank employee was actually placed in fear of bodily harm as evidence of how a reasonable person would have reacted. The government must prove, beyond a

reasonable doubt, that an ordinary person - not just the unusually timid victim - would have experienced fear of bodily harm because of what the defendant did or said.

<u>Authority</u>:

3-53 Modern Federal Jury Instructions – Criminal, § 53.01 (Matthew Bender) (2011).

## ELEMENTS OF OFFENSE - CONCLUSION

If you are convinced that the government has proved all of the elements of the charge, say so by returning a guilty verdict on that charge.  If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of that charge.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.02

## AIDING AND ABETTING BANK ROBBERY

Counts 1 and 4 of the indictment charge Defendant MATTHEW J. HOLLAND with the crime of aiding and abetting bank robbery. The indictment reads as follows:

### COUNT 1

The Grand Jury charges:

On or about November 13, 2010, in the Northern District of Ohio, Eastern Division, RICHARD MICHAEL PERSA and MATTHEW J. HOLLAND, defendants herein, did by force and violence and by intimidation take and cause to be taken from the person and presence of tellers and other employees at the US Bank, 2132 Brookpark Road, Cleveland, Ohio, approximately $3,703.00 in monies belonging to and in the care, custody, control, management and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, Sections 2113(a) and 2, United States Code.

### COUNT 4

The Grand Jury further charges:

On or about December 22, 2010, in the Northern District of Ohio, Eastern Division, RICHARD MICHAEL PERSA and MATTHEW J. HOLLAND, defendants herein, did by force and violence and by intimidation take and cause to be taken from the person and presence of tellers and other employees at the Fifth Third Bank, 7414 Broadview Road, Parma, Ohio, approximately $5,145.00 in monies belonging to and in the care, custody, control, management and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, Sections 2113(a) and 2, United States Code.

The indictment charges the defendant with violating sections 2 and 2113(a) of Title 18 of the United States Code. Section 2113(a) provides in part that:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [is guilty of a crime].

Section 2 provides that:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures it commission, is punishable as a principal.

> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

You have already been given instructions regarding the elements that the government must establish in order to prove that the defendant is guilty of bank robbery. Those elements apply to Counts 1 and 4 as well.

However, for you to find Defendant MATTHEW J. HOLLAND  guilty of bank robbery, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Defendant MATTHEW J. HOLLAND guilty of bank robbery as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of bank robbery was committed.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or intended to encourage the commission of crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of bank robbery as an aider and abettor.

Authority:

3-53 Modern Federal Jury Instructions – Criminal, § 53.01 (Matthew Bender) (2011); 18 U.S.C. §2113(a) (2002); 18 U.S.C. §2 (2002); Sixth Circuit Pattern Criminal Jury Instructions § 4.01 (2009).

## **INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some the testimony and evidence.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.01.

## DEFENDANT'S ELECTION NOT TO TESTIFY

A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.02A.

### DEFENDANT'S TESTIMONY

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.02B.

## **OPINION TESTIMONY**

You have heard the testimony of _____, who testified as an opinion witness.

You do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.03.

## **OTHER ACTS OF DEFENDANT**

You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for those bank robberies set out in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.13.

## **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

[If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.]

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.01.

## EXPERIMENTS, RESEARCH AND INVESTIGATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.02.

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous on each count.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.03.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.04.

**PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.05.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict.  The form reads as follows:  _____.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson [Each of you] should then sign the form, put the date on it, and return it to me.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.06.

## **VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.08.

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.09.

## **JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.10.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:11CR070** |
| | : | |
| **Plaintiff,** | : | **JUDGE DAVID D. DOWD JR.** |
| **-vs-** | : | |
| | : | **VERDICT FORM** |
| **MATTHEW J. HOLLAND,** | : | |
| | : | |
| **Defendant.** | : | |


# Count 1

As to the charge set forth in Count 1 of the Indictment; that is, Aiding and Abetting Bank Robbery.

We the jury find the Defendant, **Matthew J. Holland**

_____        Guilty

_____        Not Guilty

_____        _____
FOREPERSON
_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


Date:_____

**[Complete this page regardless of the verdicts on the other Counts.]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:11CR070** |
| | : | |
| **Plaintiff,** | : | **JUDGE DAVID D. DOWD JR.** |
| **-vs-** | : | |
| | : | **VERDICT FORM NO. 2** |
| **MATTHEW J. HOLLAND,** | : | |
| | : | |
| **Defendant.** | : | |

## Count 3

As to the charge set forth in Count 3 of the Indictment; that is, Bank Robbery.

We the jury find the Defendant, **Matthew J. Holland**

_____    Guilty

_____    Not Guilty

_____          _____
FOREPERSON
_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


Date:_____

45

**[Complete this page regardless of the verdicts on the other Counts.]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:11CR070** |
| | : | |
| **Plaintiff,** | : | **JUDGE DAVID D. DOWD JR.** |
| **-vs-** | : | |
| | : | **VERDICT FORM NO. 3** |
| **MATTHEW J. HOLLAND,** | : | |
| | : | |
| **Defendant.** | : | |

## Count 4

As to the charge set forth in Count 4 of the Indictment; that is, Aiding and Abetting Bank Robbery.

We the jury find the Defendant, **Matthew J. Holland**

_____  Guilty

_____  Not Guilty

_____        _____
FOREPERSON
_____        _____


_____        _____


_____        _____


_____        _____


Date:_____

46

**[Complete this page regardless of the verdicts on the other Counts.]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:11CR070** |
| | : | |
| **Plaintiff,** | : | **JUDGE DAVID D. DOWD JR.** |
| **-vs-** | : | |
| | : | **VERDICT FORM NO. 4** |
| **MATTHEW J. HOLLAND,** | : | |
| | : | |
| **Defendant.** | : | |

## Count 5

As to the charge set forth in Count 5 of the Indictment; that is, Bank Robbery.

We the jury find the Defendant, **Matthew J. Holland**

_____        Guilty

_____        Not Guilty

_____        _____
FOREPERSON
_____        _____

_____        _____

_____        _____

_____        _____

Date:_____

47

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, a copy of the foregoing Government's Proposed Jury Instructions was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this system through the Court's system.

s/Blas E. Serrano
Blas E. Serrano
Assistant U. S. Attorney

s/Phillip J. Tripi
Phillip J. Tripi
Assistant U.S. Attorney