**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CASE NO. 1:11-CR-070** |
| Plaintiff, | ) | |
| | ) | **JUDGE DAVID DOWD** |
| vs. | ) | |
| | ) | **DEFENDANT'S SUPPLEMENTAL** |
| | ) | **MOTION TO SUPPRESS** |
| MATTHEW J. HOLLAND, | ) | (ORAL HEARING REQUESTED) |
| | ) | |
| Defendant. | ) | |

    Now comes Defendant, Matthew J. Holland, by and through undersigned counsel, Jaime P. Serrat, and respectfully files with this Honorable Court his Supplemental Motion to Suppress any and all Evidence obtained in the search and subsequent seizure in the above captioned matter. Defendant's initial counsel failed to adequately address an important issue which establishes the evidence at issue was derived in violation of Defendant's rights under the United States Constitution and for reasons more fully set forth in the attached Memorandum in Support incorporated herein.

                            Respectfully submitted,

                            /s/ Jaime Serrat_____
                            **JAIME P. SERRAT (0031660)**
                            1370 Ontario Street
                            2000 Standard Building
                            Cleveland, Ohio 44113
                            (216) 696-2150
                            Serratlaw@hotmail.com

                            ATTORNEY FOR DEFENDANT

## MEMORANDUM IN SUPPORT

The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Section 14, Article I of the Ohio Constitution is nearly identical in its language, and its protections are coextensive with its federal counterpart.  State v. Robinette (1997), 80 Ohio St.3d 234, 238, 685 N.E.2d 762, 766.

'[T]he underlying command of the Fourth Amendment is always that searches and seizures be reasonable.' " Wilson v. Arkansas (1995), 514 U.S. 927, 931, 115 S.Ct. 1914, 1916, 131 L.Ed.2d 976, 980, quoting  New Jersey v. T.L.O.   (1985), 469 U.S. 325, 327, 105 S.Ct. 733, 740, 83 L.Ed.2d 720, 727. "[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable. Katz v. United States (1967), 389 U.S. 347. See, also, State v. Penn (1991), 61 Ohio St.3d 720, 723, 576 N.E.2d 790, 792, citing, Marshall v. Barlow's, Inc. (1978), 436 U.S. 307, 311-312, 98 S.Ct. 1816, 1820, 56 L.Ed.2d 305, 311.

The Fourth Amendment "generally prohibits the warrantless entry of law enforcement personnel into a person's home." United States v. Ivy, 165 F.3d 397, 401 (6th Cir. 1998). However, the prohibition does not apply where consent to enter has been obtained voluntarily. Id. In cases of warrantless entry or searches, **"[t]he burden of proving that a search was voluntary is on the government, and must be proved by clear and positive testimony."** United States v. Moon, 513 F.3d 527, 537 (6th Cir. 2008); United States v. Tillman, 963 F.2d

137, 143 (6th Cir. 1992). The Government does not need to show that the defendant subjectively believed he was voluntarily consenting. See Illinois v. Rodriguez, 497 U.S. 177, 185-86, 110 S. Ct. 2793, 111 L. Ed. 2d 148 (1990). Rather, it is sufficient to show that police had a reasonable belief that voluntary consent had been given. Id.

In this case, there is no dispute that law enforcement officials obtained a call concerning an alleged robbery at a Subway store on West 25th Street in Cleveland, Ohio. After arriving at the scene and questioning several individuals, the officers were led to an apartment complex. The officers suspected the individuals involved were inside one of the rooms. They observed a suspected apartment and noted that the door was not in any manner damaged. The officers continued their investigation and subsequently observed a videotape at the police station of the incident which depicted the individuals with their face's covered concealing their identity.

Approximately 12 hours later, an officer went to the apartment and "banged" on the door. After no answer, the officer yelled that he would return with an arrest warrant. He testified that he continued banging on the door and eventually Defendant Matthew Holland opened the door and let them in. The officer heard a noise and went into the bedroom where he observed and detained another individual – the co-defendant. After observing a coat that matched the individual's in the videotape and observing other similarities, the co-defendant was arrested. The officer testified that he spoke to Matthew Holland and advised him that cooperation would be helpful. At that point, the officer testified that Matthew Holland consented to a search of the apartment.  The officer further testified that at the station, the co-defendant confessed to committing several bank robberies. On cross-examination, the officer acknowledged there was heavy damage to the door of the apartment.  Moreover, the "consent form" indicated that it was

signed the day after the search and arrest. The issue raised in this Motion concerns the "consent" to enter the apartment.

Consent is voluntary when it is "unequivocal, specific and intelligently given, uncontaminated by any duress or coercion." United States v. McCaleb, 552 F.2d 717, 721 (6th Cir. 1977). Whether consent is given freely is a question of fact to be determined by the Court, not the jury, by evaluating the totality of the circumstances. Schneckloth, 412 U.S. at 227. Relevant factors a court should consider when determining whether consent was voluntary include: (1) the age, intelligence, and education of the person consenting; (2) whether the person understands the right to refuse consent; (3) whether the person is advised of his or her constitutional rights; (4) the length and nature of any detention of the person coincident to the consent; (5) whether there is repeated and prolonged questioning or requests for consent; (6) the existence of any coercive or punishing conduct by police; and (7) whether there are indications of subtle coercion that may overcome a person's judgment. United States v. Ivy, 165 F.3d 397, 402 (6th Cir. 1998); see also United States v. Jones, 846 F.2d 358, 360 (6th Cir. 1988) (citing Schneckloth). Any list of factors merely provides guidance, however; whether voluntary consent exists in a given case must be decided upon its own unique set of facts.

Clearly, consent cannot be obtained by force or by an implied threat. See Schneckloth, 412 U.S. at 228. However, there is no requirement that the defendant know that he has a right to refuse consent. Id. at 227. The familiar standard from Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), that waiver requires "an intentional relinquishment or abandonment of a known right or privilege," is focused on the voluntariness of the consent given. Whether the defendant was advised of his right to refuse consent is one of many factors to consider in determining the voluntariness of the consent. Schneckloth, 412 U.S. at 225-46.

4

Consent is not necessarily involuntary in the situation where a police officer notifies the defendant that he does not have a valid search warrant but will obtain one if the defendant does not consent. Ivy, 165 F.3d at 403. In that situation, the officer is not coercing consent to search; he is lawfully informing the defendant of a course of action available to the police. Conversely, consent is not voluntary when it is given only after the law enforcement official conducting the search asserts that he possesses a search warrant. Bumper v. North Carolina, 391 U.S. 543, 548-50, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968). Importantly, the police officer's action would be coercive if he or she knew that probable cause to support the issuance of a warrant did not exist. See United States v. Salvo, 133 F.3d 943, 954 (6th Cir. 1998) (quoting United States v. Kaplan, 895 F.2d 618, 622 (9th Cir. 1990).

In this case, the officers had a description of the individual who robbed the Subway and had his suspected location. Police were watching the apartment unit. They returned approximately 12 hours after the investigation began pounding on the apartment door. They had not obtained a warrant. The officer yelled that they could obtain an arrest warrant if they were not let in. There was conflicting testimony concerning the condition of the door. One officer testified that the door was not damaged when he initially observed it. Yet a picture was introduced indicating heavy damage to the door. The officer who entered the apartment stated they he was let inside the apartment after threatening to obtain the arrest warrant – not a search warrant.

The officers had ample time to obtained a search and/or arrest warrant. They did not. Exigent circumstances did not exist. The officer testified that Matthew Holland opened the door and let him inside only after he was threatened that they would go and obtain an arrest warrant. This threat was made knowing that probable cause to obtain such a warrant did <u>not</u> exist. Further,

the first officer testified that there was no damage to the door. However, after the entry, a picture was taken and introduced depicting heavy damage to the door. The "consent" form that was presented was signed and dated one day after the search of the apartment. In this case, the facts and circumstances surrounding the issues of "consent" were not fully addressed by former defense counsel nor were these specific issues addressed by the Court. Additionally, the involuntary nature of Matthew Holland's subsequent statement was never addressed by former defense counsel.

Sufficient credible evidence concerning these two issues exists establishing:1) there was no voluntary consent given to the officer to enter the apartment and/or bedroom, and 2) the statement provided by Matthew Holland was in violation of his Miranda rights and his right to due process. For example, Defendant will testify that on January 13, 2011, at approximately 9:00 p.m., he heard someone attempting to kick in his door. As he reached the door, the officers kicked open the door and entered with guns drawn. He was immediately handcuffed. When Defendant asked if they had a warrant, the officer advised he did not need one.

Additionally, the landlord will testify that the door was previously untouched and that after the police search, he observed damage to the door evincing it was kicked open from the middle of the door. Finally, the testimony of the Defendant will establishing the involuntary nature and/or coercion used in obtaining Defendant's statement. Specifically, Defendant was going through a heroin withdrawal and the officers were aware of his heroin use, he was forced to submit a false statement when, among other things, the officers threatened that they would ensure Defendant would be incarcerated for the maximum of fifty (50) years and miss his daughter growing up if he did not write what they told him. For all of these reasons, we

6

respectfully file this Supplemental Motion to Suppress and request this Court conduct a hearing so that these important issues can be considered by this Court.

> Respectfully submitted,
>
> /s/ Jaime Serrat_____
> **JAIME P. SERRAT (0031660)**
> 1370 Ontario Street
> 2000 Standard Building
> Cleveland, Ohio 44113
> (216) 696-2150
> Serratlaw@hotmail.com
>
> ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion was served via ordinary U.S. Mail, postage prepaid, and/or electronically this 11th day of July, 2011, to the following:

> Blas Serrano, Jr.
> Assistant United States Attorneys
> 801 West Superior Avenue, Suite 400
> Cleveland, Ohio 44113-1852
>
> /s/ Jaime Serrat_____
> **JAIME P. SERRAT (0031660)**